■ WILLIAM K. SCHERER, an Infant, by His Parent and Natural Guardian, ARTHUR SCHERER, et al., Respondents, v WESTMORELAND SANCTUARY, INC., Respondent, et al., Defendants, and STUART OPDAHL, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Stuart Opdahl appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), dated July 28, 1982, which denied a motion, pursuant to CPLR 3212, which was to dismiss the complaint against him. Order reversed, on the law, with costs, motion granted and complaint dismissed as to defendant Stuart Opdahl. This is a negligence action to recover damages for personal injuries sustained by the infant plaintiff William Scherer who, on June 10, 1978, when he was 10 years old, was struck in the eye by a piece of burning wood thrown by the infant defendant, John Opdahl, while playing in the yard of the residence owned by defendants Buzzanco. The complaint, insofar as it relates to defendant Stuart Opdahl, alleges that he, as the father, was aware of "wild, reckless and dangerous tendencies" in the behavior of the infant defendant, John Opdahl, his son, and that the occurrence was due to Stuart Opdahl's negligence in permitting a child known to have dangerous tendencies to play with other children without special supervision. Denying the instant motion for summary judgment, Special Term found the facts relating to the extent and nature of the supervision were exclusively within the knowledge of the moving party and plaintiff was entitled to an opportunity to elicit such proof at trial. We disagree. The affidavit of Stuart Opdahl establishes that he was totally unaware of the child's dangerous propensities if, in fact, such existed. There is nothing in this record "to indicate that vicious conduct was a factor in this incident" (*Gordon v Harris,* 86 AD2d 948, 949), or that the father had provided the instrumentality of the injury, or that he was aware of and

capable of controlling its use under the circumstances (see *Nolechek v Gesuale,* 46 NY2d 332, 338). The only opposition to the motion was in the form of attorneys' affirmations and excerpts from the deposition of Stuart Opdahl and the deposition and statement of the infant, John Opdahl, none of which creates a factual issue. It was incumbent upon plaintiffs to come forward with evidence to support the conclusory allegations of their complaint concerning Stuart Opdahl's negligence (*Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs having failed to tender any evidentiary proof in opposition, the motion for summary judgment was improperly denied. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.