■ THELMA G. ARMOUR, Appellant, v TRACY L. ENGLAND, Defendant, and GEORGE ENGLAND et al., Respondents. [619 NYS2d 807] —Crew III, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered October 28, 1993 in Delaware County, which, *inter alia*, granted a cross motion by defendants George England and Virginia England for summary judgment dismissing the amended complaint against them.

On June 12, 1991 defendant Tracy L. England, then a student at Sidney High School in Delaware County, became involved in an altercation with her sister in the school cafeteria. Plaintiff, a teacher at the school, attempted to intervene and purportedly was injured when Tracy allegedly caused a pile of books to strike plaintiff's left cheek and wrist. Plaintiff thereafter commenced this action against Tracy and her parents, defendants George England and Virginia England (hereinafter the Englands), alleging, *inter alia*, that the Englands failed to restrain Tracy from vicious conduct.

Following joinder of issue, plaintiff moved for, *inter alia*, a subpoena duces tecum to inspect the records of the Village of Sidney Police Department and the Sidney Central School System, and the Englands cross-moved for summary judgment dismissing the complaint against them. Supreme Court, *inter alia*, granted the Englands' cross motion for summary judgment, and this appeal by plaintiff followed.

We affirm. It is well settled that a parent's liability for the torts of his or her child does not arise merely from the parental relationship itself *(see, Brahm v Hatch,* 203 AD2d 640, 641; *Steinberg v Cauchois,* 249 App Div 518, 519). Insofar as is relevant to this appeal, such liability may arise where a parent fails to supervise a child with a known propensity for vicious conduct *(see generally, Gordon v Harris,* 86 AD2d 948, 949; *Steinberg v Cauchois, supra,* at 519), in which case "it must be established both that the child had a tendency to engage in vicious conduct which might endanger a third party *and* that the child's parent(s) had knowledge of his or her propensities in this regard" *(Brahm v Hatch, supra,* at 641 [emphasis in original]; *see, Staruck v County of Otsego,* 285 App Div 476, 478).

In our view, the record before us does not support plaintiff's assertion that Tracy engaged in violent or vicious conduct prior to the incident in question and/or that the Englands were aware of any such conduct. At her examination before trial Tracy testified, *inter alia*, that she had never been the subject of a restraining order for violent behavior and that the

only disciplinary action taken against her by school officials in this regard stemmed from an altercation in which another student struck her and she defended herself. Similarly, the Englands testified that no one, including school officials, ever notified them of any vicious or violent behavior on Tracy's part and averred that they had no knowledge of Tracy's alleged tendency to harm others. Plaintiff failed to tender sufficient proof in admissible form to raise a question of fact in this regard and, as such, the Englands' cross motion for summary judgment dismissing the complaint against them was properly granted. Plaintiff's remaining contentions, including her assertion that Supreme Court erred in denying her request for a subpoena duces tecum, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.