■ OWEN DAVIES et al., Respondents-Appellants, v INCORPORATED VILLAGE OF EAST ROCKAWAY, et al., Respondents, and JOHN MOTHERWAY et al., Appellants-Respondents. [708 NYS2d 147] —In an action to recover damages for personal injuries, etc., the defendants Dennis Motherway, s/h/a John Motherway, and Margaret Motherway, s/h/a Jane Motherway, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated May 4, 1999, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add new allegations against them. The plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the appellants-respondents' cross motion is granted, that branch of the plaintiffs' cross motion which was for leave

to amend the complaint to add new causes of action against the appellants-respondents is denied as academic, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The Supreme Court erred in denying the cross motion of the appellants-respondents, Dennis Motherway, s/h/a John Motherway, and Margaret Motherway, s/h/a Jane Motherway, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granting the plaintiffs' cross motion for leave to amend the complaint to add new allegations against them. While, as a general rule, parents are not liable for the torts of their child, a parent may be held liable, *inter alia*, "where the parent's negligence consists entirely of his [or her] failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct" (*Steinberg v Cauchois*, 249 App Div 518, 519). Evidence of a single prior altercation in which the appellants-respondents' son was allegedly assaulted cannot establish a propensity by their son to commit vicious acts (*see, Armour v England,* 210 AD2d 561). Additionally, the appellants-respondents' evidence that they were not in a position to restrain their son's conduct was unrebutted (*see, Steinberg v Cauchois, supra*).

In light of the above determination, that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add new allegations against the appellants-respondents should have been denied as academic. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.