■ FRANK S. DICARLO, Respondent-Appellant, v CITY OF NEW YORK et al., Respondents, and ROMAN CATHOLIC ARCHDIOCESE

OF BROOKLYN et al., Appellants-Respondents. [729 NYS2d 176] —In an action to recover damages for wrongful death, etc., the defendants Roman Catholic Archdiocese of Brooklyn, St. Joseph Services for Children and Families, and Conzina Scales appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutchinson, J.), dated August 10, 2000, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion is granted, the complaint and cross claims are dismissed insofar as asserted against the defendants Roman Catholic Archdiocese of Brooklyn, St. Joseph Services for Children and Families, and Conzina Scales, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff's decedent was killed on July 28, 1997, by Robert Henderson, a 15-year-old youth who had been in New York City's foster care system since 1990. Henderson had been assigned by the City's Administration for Children's Services (hereinafter ACS) to St. Joseph Services for Children and Families (hereinafter St. Joseph), a nonprofit entity, which supervised and monitored his care in a foster home. In June 1997 Henderson was removed from the care of a foster parent in Brooklyn to a City facility, Atlantic Transitional Services (hereinafter Atlantic), a residential facility in Brooklyn, where he was to be evaluated prior to any future foster care placement. In early July 1997, Henderson ran away from Atlantic and remained missing until he committed the killing.

The plaintiff commenced this wrongful death action against, among others, St. Joseph, the Roman Catholic Archdiocese of Brooklyn, and Conzina Scales, Henderson's caseworker at St. Joseph (hereinafter the Diocese defendants) to recover damages based on a theory of negligent supervision. We conclude that the Supreme Court erred in denying the motion by the Diocese defendants to dismiss the complaint and all cross claims insofar as asserted against them.

We agree with the plaintiff that the Diocese defendants failed to establish as a matter of law that they relinquished supervision and control over Henderson to the City upon his transfer to Atlantic. Thus, there was a question of fact as to whether

the Diocese defendants were acting in loco parentis with respect to Henderson, a relationship which would give rise to a duty to control his conduct so as to prevent him from harming others (*see, Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222; *Purdy v Public Adm'r of County of Westchester*, 127 AD2d 285, *affd* 72 NY2d 1).

Nevertheless, assuming that the Diocese defendants were acting in loco parentis, to prevail on a theory of negligent supervision, the plaintiff had to establish that these defendants were aware of Henderson's vicious propensities (*see, LaTorre v Genesee Mgt.*, 90 NY2d 576, 583; *Purdy v Public Adm'r of County of Westchester, supra*, at 289-290; *Thompson v Ange*, 83 AD2d 193). The Diocese defendants established prima facie that Henderson's prior conduct did not place them on notice that he was capable of killing, and the plaintiff failed to present evidence sufficient to raise a triable issue of fact (*see, Davies v Incorporated Vil. of E. Rockaway*, 272 AD2d 503; *Armour v England*, 210 AD2d 561; *Staruck v County of Otsego*, 285 App Div 476). The plaintiff's claim of negligent entrustment of the gun used in the shooting is without evidentiary support (*see, Brahm v Hatch*, 203 AD2d 640).

The plaintiff cross-appealed from that portion of the order which granted the motion of the City, ACS, Atlantic, and Nicholas Scopetta to dismiss the complaint insofar as asserted against them. However, since the plaintiff's brief failed to set forth any argument that this portion of the order was erroneous, we deem the cross appeal abandoned (*see, Weissman Real Estate v Big V Supermarkets*, 268 AD2d 101, 106; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1). O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.