■ NANCY FEINERMAN et al., Respondents, v BRIAN KAPLAN et al., Appellants. [736 NYS2d 680] —In an action to recover damages for wrongful death and conscious pain and suffering, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered February 15, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court properly addressed the merits of the defendants' motion for summary judgment, notwithstanding that it was made more than 120 days after the filing of the note of issue (*see,* CPLR 3212 [a]; *Andaloro v Hidden Ponds Dev. Corp.,* 273 AD2d 185; *Quinlan v Kaufman,* 258 AD2d 453; *Gonzalez v 98 Mag Leasing Corp.,* 261 AD2d 508, *affd* 95 NY2d 124).

Summary judgment should have been granted in favor of the infant defendant, as he established, prima facie, that his actions were not a proximate cause of the decedent's injuries, and the plaintiffs failed to raise a triable issue of fact in opposition to that showing (*see, Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315).

Even if there had been a question of fact as to the liability of the infant defendant, his parents were entitled to summary judgment dismissing the complaint insofar as asserted against them. It is well settled that "[p]arental liability for the torts of a child does not arise merely from the parental relationship" (*Gordon v Harris,* 86 AD2d 948, 948-949; *see, Brahm v Hatch,* 203 AD2d 640, 641; *Armour v England,* 210 AD2d 561). Insofar as is relevant to this appeal, liability may arise where the child has a tendency to engage in vicious conduct that might endanger a third party, and the child's parents are aware of such propensities (*see, LaTorre v Genesee Mgt.,* 90 NY2d 576, 583; *DiCarlo v City of New York,* 286 AD2d 363; *Brahm, supra*).

The record does not support the plaintiffs' assertion that the infant defendant engaged in violent or vicious conduct prior to the incident in question and that his parents were aware of such conduct (*see, Brahm v Hatch, supra; Armour v England, supra*). The defendants Keith Kaplan and Amy Kaplan submitted proof in admissible form that they had no knowledge of the infant defendant's tendency to engage in vicious conduct, and the plaintiffs failed to submit proof which raised a triable issue of fact. Thus, those defendants are entitled to summary judgment dismissing the complaint insofar as asserted against them. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.