■ Coleen Fertitta et al., Appellants, v August Pagano et al., Respondents. [748 NYS2d 158]

The 15-year-old plaintiff James Fertitta and his mother commenced this negligence action against the 15-year-old defendant Salvatore Pagano and his parents to recover damages for injuries sustained by the infant plaintiff when the two boys were play-wrestling on the front lawn of the defendants' home. The boys were wrestling with the knowledge, though not the consent, of the defendant Marilyn Pagano. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Marilyn Pagano and August Pagano as individuals. Contrary to the plaintiffs' contention, the defendants satisfied their initial burden by demonstrating that Marilyn Pagano acted reasonably under the circumstances, and that there was no evidence that the infant defendant had a tendency to engage in vicious conduct that might endanger a third party and that his parents were aware of such propensities (*see LaTorre v Genesee Mgt.,* 90 NY2d 576, 583; *Feinerman v Kaplan,* 290 AD2d 480; *DiCarlo v City of New York,* 286 AD2d 363, 365; *see generally D'Amico v Christie,* 71 NY2d 76). In response, the plaintiffs failed to present evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Marilyn Pagano and August Pagano, individually. Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur. [Vacated 299 AD2d — (Nov. 25, 2002).]