■ COLEEN FERTITTA et al., Appellants, v AUGUST PAGANO et al., Respondents. [754 NYS2d 21] —Motion by the appellants for leave to reargue an appeal from a resettled order of the Supreme Court, Richmond County, entered June 21, 2001, which was determined by decision and order of this Court dated August 12, 2002.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated August 12, 2002 (297 AD2d 308) is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a resettled order of the Supreme Court, Richmond County (Minardo, J.), entered June 21, 2001, as upon, in effect, granting reargument, adhered to a prior determination in an order dated January 12, 2001, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants August Pagano and Marilyn Pagano, individually.

Ordered that the resettled order is affirmed insofar as appealed from, with costs.

The 15-year-old plaintiff, James Fertitta, and his mother, commenced this action against the 15-year-old defendant, Salvatore Pagano, and his parents, to recover damages for injuries sustained by the infant plaintiff when the two boys were play-wrestling on the front lawn of the defendants' home. The boys were wrestling with the knowledge, though not the consent, of the defendant Marilyn Pagano. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Marilyn Pagano and August Pagano, individually. Contrary to the plaintiffs' contention, the defendants satisfied their initial burden by demonstrating that Marilyn Pagano acted reasonably under the circumstances (*see LaTorre v Genesee Mgt.,* 90 NY2d 576, 583; *Feinerman v Kaplan,* 290 AD2d 480; *DiCarlo v City of New York,* 286 AD2d 363, 365; *see generally D'Amico v Christie,* 71 NY2d 76). In response, the plaintiffs failed to present evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Marilyn Pagano and August Pagano, individually. Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.