■ MICHAEL RIVERS et al., Appellants, v KENNETH MURRAY et al., Respondents, et al., Defendant. (And a Related Action.) [815 NYS2d 708]—

In an action to recover damages, inter alia, for negligent supervision and negligent entrustment, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 6, 2004, which granted the motion of the defendants Kenneth Murray and Elizabeth Murray for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On the afternoon of May 23, 2002, 16-year-old Andrew Murray (hereinafter Andrew), the son of the respondents, Kenneth Murray and Elizabeth Murray (hereinafter the respondents), assaulted the plaintiff Michael Rivers (hereinafter the injured plaintiff) with a baseball bat. A few days prior to the incident, Andrew had surreptitiously studded the bat with nails and concealed it in the respondents' garage. The injured plaintiff's mother commenced this action, on behalf of the injured plaintiff and in her individual capacity, against Andrew and the respondents alleging, inter alia, that the respondents were responsible for Andrew's actions. The Supreme Court dismissed the complaint insofar as asserted against the respondents. We affirm.

"While, as a general rule, parents are not liable for the torts of their child, a parent may be held liable, *inter alia*, 'where the parent[s]' negligence consists entirely of his [or her] failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct' " (*Davies v Incorporated Vil. of E. Rockaway*, 272 AD2d 503, 504 [2000], quoting *Steinberg v Cauchois*, 249 App Div 518, 519 [1937]). Here, the respondents established their prima facie entitlement to judgment regarding the claim for negligent supervision since there is no proof that, prior to

the subject incident, Andrew engaged in violent or vicious conduct that would endanger a third party, or that the respondents were aware of any such conduct (*see Feinerman v Kaplan*, 290 AD2d 480 [2002]).

In opposition thereto, the plaintiffs failed to raise a triable issue of fact. In particular, evidence of a single prior incident in which Andrew had pushed his father did not establish a propensity on the part of the child to commit vicious acts (*see DiCarlo v City of New York*, 286 AD2d 363, 365 [2001]). In addition, contrary to the plaintiffs' contention, the Supreme Court did not err in failing to consider an affidavit sworn to by Andrew's classmate in determining the motion to dismiss. This affidavit consisted mainly of hearsay statements and thus did not constitute competent evidence to defeat the respondents' motion (*see Orelli v Showbiz Pizza Time*, 302 AD2d 440 [2003]).

Similarly, the respondents were entitled to summary judgment dismissing the claim for negligent entrustment. Under the facts and circumstances of this case, the respondents cannot be held liable on such a claim merely because their teenaged son had access to a baseball bat (*see Rios v Smith*, 95 NY2d 647, 653 [2001]; *Sorto v Flores*, 241 AD2d 446, 447 [1997]). Moreover, since there is undisputed evidence in the record that the respondents were unaware that Andrew had altered the bat in the above-described manner, the respondents were not capable of controlling its use under the circumstances (*see Scherer v Westmoreland Sanctuary*, 95 AD2d 803 [1983]). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the respondents.

The plaintiffs' remaining contention is without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.