CLARK C.B., Individually and as Parent and Natural Guardian of MICHAEL B., an Infant, Respondent, v NEIL FULLER, II, Individually and as Parent and Natural Guardian of NEIL FULLER, III, an Infant, Appellant, et al., Defendant. [872 NYS2d 781]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 20, 2007 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Neil Fuller, II, individually and as parent and natural guardian of Neil Fuller, III, for summary judgment dismissing the amended complaint and cross claim against him and granted that part of the cross motion of plaintiff seeking to compel disclosure.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, the amended complaint and cross claim against defen-

dant Neil Fuller, II, individually and as parent and natural guardian of Neil Fuller, III, are dismissed and that part of the cross motion seeking to compel disclosure is dismissed.

Memorandum: Plaintiff, individually and on behalf of his son, commenced this action to recover damages for injuries sustained by his son when he was assaulted by the son of Neil Fuller, II (defendant). Supreme Court erred in denying the motion of defendant seeking summary judgment dismissing the amended complaint and cross claim against him. Defendant established his entitlement to summary judgment by submitting evidence that he had no knowledge of his son's alleged propensity to engage in violent or vicious conduct (*see Rivers v Murray*, 29 AD3d 884 [2006]; *Decker v Chamberlain*, 234 AD2d 960, 961 [1996]). Evidence that defendant was aware of a single altercation involving his son and a seventh grade classmate is insufficient to raise a triable issue of fact with respect to knowledge of a propensity to engage in violent or vicious conduct (*see Davies v Incorporated Vil. of E. Rockaway*, 272 AD2d 503, 504 [2000]; *Armour v England*, 210 AD2d 561 [1994]). In view of our determination, that part of plaintiff's cross motion seeking to compel disclosure is dismissed as moot, and we therefore do not address defendant's contention with respect thereto. Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.