Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C. (2020 NY Slip Op 00971)





Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C.


2020 NY Slip Op 00971


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1313 CA 19-01019

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY, TITAN INDEMNITY COMPANY, VICTORIA FIRE & CASUALTY COMPANY AND VICTORIA AUTOMOBILE INSURANCE COMPANY, PLAINTIFFS-APPELLANTS,
v
JAMAICA WELLNESS MEDICAL, P.C., DEFENDANT-RESPONDENT.






HOLLANDER LEGAL GROUP, P.C., MELVILLE (ALLAN S. HOLLANDER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KOPELEVICH & FELDSHEROVA, P.C., BROOKLYN (DAVID LANDFAIR OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered March 29, 2019. The order denied plaintiffs' motion for summary judgment and granted in part defendant's cross motion to compel discovery. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the cross motion is dismissed, and judgment is granted in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that plaintiffs are under no obligation to pay or reimburse any of the subject claims.
Memorandum: As we explained in a prior appeal (Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192 [4th Dept 2018]), defendant is a medical professional corporation that was assigned claims for no-fault benefits by individuals who purportedly received treatment for injuries allegedly sustained in motor vehicle accidents. Defendant submitted bills for the services it purportedly rendered, along with the assignment of benefit forms, to the insurance carrier plaintiffs (Nationwide plaintiffs) seeking reimbursement pursuant to the No-Fault Law and regulations (see Insurance Law art 51; 11 NYCRR part 65). The Nationwide plaintiffs commenced this declaratory judgment action after defendant failed to appear at repeatedly requested examinations under oath (EUOs), alleging that defendant had breached a material condition precedent necessary to coverage. The Nationwide plaintiffs then moved for summary judgment declaring that, as a result of such breach, they were under no obligation to pay or reimburse any of the subject claims. Supreme Court granted the motion, declared, among other things, that defendant breached a condition precedent to coverage by failing to appear at the scheduled EUOs, and determined that the Nationwide plaintiffs therefore had the right to deny all claims retroactively to the date of loss, regardless of whether they had issued timely denials.
We reversed the judgment insofar as appealed from, denied the Nationwide plaintiffs' motion, and vacated the declarations. We held that a defense based on nonappearance at an EUO is subject to the preclusion remedy and that, therefore, the Nationwide plaintiffs were required to [*2]establish that they issued timely denials on that ground. We determined that the Nationwide plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of their timely and proper denial of coverage inasmuch as the assertions in the affidavit of their claims specialist that they issued timely denial forms to defendant for nonappearance at the EUOs were conclusory and unsupported by any such denial forms (Nationwide Affinity Ins. Co. of Am., 167 AD3d at 198).
The Nationwide plaintiffs subsequently filed a second motion for summary judgment on the complaint and submitted, inter alia, a detailed affidavit of the claims specialist, the subject denial of claim forms, and affidavits of the operations manager of their third-party claims processor. Defendant cross-moved pursuant to CPLR 3124 to compel discovery. Supreme Court denied the motion on the ground that it was an improper successive motion for summary judgment and granted in part the cross motion. The Nationwide plaintiffs now appeal.
We agree with the Nationwide plaintiffs that the court erred in refusing to entertain their second summary judgment motion. "Although successive summary judgment motions generally are disfavored absent newly discovered evidence or other sufficient cause . . . , neither Supreme Court nor this Court is precluded from addressing the merits of such a motion" (Giardina v Lippes, 77 AD3d 1290, 1291 [4th Dept 2010], lv denied 16 NY3d 702 [2011]; see Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1593 [4th Dept 2016]). Here, our intervening decision in the prior appeal, which clarified that the defense based on nonappearance at an EUO is subject to the preclusion remedy and that the Nationwide plaintiffs were therefore required to establish that they issued timely denials on that ground, constitutes sufficient cause to entertain the motion (see Pludeman v Northern Leasing Sys., Inc., 106 AD3d 612, 616 [1st Dept 2013]).
We further agree with the Nationwide plaintiffs that they are entitled to summary judgment. Contrary to defendant's contentions, we conclude upon our review of the record that the Nationwide plaintiffs met their burden as movant and that defendant failed to raise a triable issue of fact (see Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019]). In addition, defendant's " mere hope or speculation' that further discovery will lead to evidence sufficient to defeat [the Nationwide plaintiffs'] motion is insufficient to warrant denial thereof" (Kaufmann's Carousel, Inc. v Carousel Ctr. Co. LP, 87 AD3d 1343, 1345 [4th Dept 2011], lv dismissed 18 NY3d 975 [2012], rearg denied 19 NY3d 938 [2012]; see Austin v CDGA Natl. Bank Trust & Canandaigua Natl. Corp., 114 AD3d 1298, 1301 [4th Dept 2014]; see generally CPLR 3212 [f]). In light of our determination, defendant's cross motion to compel discovery is dismissed as moot (see Clark C.B. v Fuller, 59 AD3d 1030, 1031 [4th Dept 2009]). We therefore reverse the order by granting the motion, dismissing the cross motion, and granting judgment in favor of the Nationwide plaintiffs declaring that they are under no obligation to pay or reimburse any of the subject claims.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court