Chern v Leclerc (2021 NY Slip Op 01192)





Chern v Leclerc


2021 NY Slip Op 01192


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 150091/19 Appeal No. 13230 Case No. 2020-02816 

[*1]Relly Chern, Plaintiff-Respondent,
v
Paul Leclerc et al., Defendants-Appellants, Adam Leclerc, Defendant.


Eustace, Prezioso & Yapchanyk, New York (Miles A. Linefsky of counsel), for appellants.
David Chidekel, New York, for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about April 28, 2020, which denied defendants Paul Leclerc and Judith Ginsburg's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants Leclerc and Ginsburg (defendants) established prima facie that they were not aware that their 31-year-old autistic son — also a defendant in this action — engaged in violent or vicious conduct that would endanger a third party when they arranged for plaintiff, an ophthalmologist, to perform an eye examination on the son in his apartment (see Rivers v Murray, 29 AD3d 884 [2d Dept 2006]; see generally LaTorre v Genesee Mgt., 90 NY2d 576 [1997]).
In opposition, plaintiff failed to raise an issue of fact. The son's need for assistance to live independently in his own home does not support plaintiff's contention that defendants had notice or awareness of the son's violent behavior. Plaintiff's additional contention that defendants negligently entrusted the son with a "dangerous instrument," i.e., his legs, is unavailing. A person's body does not qualify as an "instrument, article or substance" (Penal Law § 10.00[13]), and this case does not present the exceptional circumstances in which a parent may be held liable for injuries to a third party resulting from the negligent entrusting of a dangerous instrument to a child (see Nolechek v Gesuale, 46 NY2d 332 [1978]).
Plaintiff also failed to show that facts essential to justify their opposition to defendants' motion might exist but could not be stated without further discovery and that therefore the motion should be denied as premature (see CPLR 3212[f]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021