Levine v George (2022 NY Slip Op 05032)

Levine v George

2022 NY Slip Op 05032

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-13240
 (Index No. 31475/11)

[*1]Melissa Levine, appellant-respondent,
v
David George, et al., respondents-appellants.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant-respondent.
Robert J. Cava, P.C., West Babylon, NY, for respondents-appellants.

DECISION & ORDER
In an action to recover damages for negligent supervision and personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated September 12, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants James D. George and Grace M. George. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant David George.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants James D. George and Grace M. George is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries she allegedly sustained in November 2008, when, in the course of her employment as a school psychologist at the Western Suffolk BOCES James E. Allen Junior/Senior High School, she was assaulted by the defendant David George (hereinafter David), an autistic student with an IQ of 41, who was almost 14 years old at the time. In addition to alleging causes of action sounding in negligence and assault against David, the plaintiff also alleged a cause of action sounding in negligent parental supervision against David's parents, the defendants James D. George and Grace M. George (hereinafter together David's parents). Thereafter, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. By order dated September 12, 2019, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against David's parents, and denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against David. The plaintiff appeals, and the defendants cross-appeal.
"'While, as a general rule, parents are not liable for the torts of their child, a parent may be held liable, inter alia, where the parent[s] negligence consists entirely of his [or her] failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct'" (Rivers v Murray, 29 AD3d 884, 884, quoting Davies v Incorporated Vil. of E. Rockaway, 272 AD2d 503, 504 [internal quotation marks omitted]; see LaTorre v Genesee Mgt., 90 NY2d 576, 582-583). Thus, a parent moving for summary judgment dismissing a cause of action alleging negligent supervision based on the physical tortious conduct of the parent's child, must establish, prima facie, that the parent was not aware that, prior to the subject incident, his or her child engaged in violent or vicious conduct that would endanger a third party (see Chern v Leclerc, 191 AD3d 591; Rivers v Murray, 29 AD3d at 884-885). Here, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against David's parents by submitting evidence in admissible form sufficient to eliminate all triable issues of fact (see Zuckerman v City of New York, 49 NY2d 557). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law in this regard, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against David's parents should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' contention that the branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against David, on the ground that due to his developmental disability he was "non sui juris and incapable of being liable for negligence" or assault (Boyd v Trent, 297 AD2d 301, 302), is without merit. The defendants failed to establish, prima facie, their entitlement to judgment as a matter of law with evidence in admissible form sufficient to eliminate all triable issues of fact with respect to their contention that David is immune from liability under the circumstances (see Zuckerman v City of New York, 49 NY2d 557). The defendants' submissions in support of this branch of their motion consisted solely of inadmissible hearsay (see Atlantic Fin., LLC v Xinlei Lin, 158 AD3d 598, 599; Werner v City of New York, 135 AD3d 740, 741). Accordingly, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against David, without regard to the sufficiency of the plaintiff's opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d at 853).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court