■ JACLYN McCARTHY, an Infant, by Her Mother and Natural Guardian, MARY McCARTHY, et al., Appellants v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, etc., the claimant appeals from a judgment of the Court of Claims (Silverman, J.), entered January 11, 1989, which, after a nonjury trial, dismissed the claim on the merits.

Ordered that the judgment is affirmed, with costs.

The infant claimant was injured in a playground when she fell to the ground from a horizontal ladder. The claim based upon negligence in maintenance and/or design of the ladder was dismissed after a nonjury trial, and we affirm. The claim-

ant adduced no competent proof (1) that the height of the horizontal ladder was unsuitable for children of the infant claimant's age, or (2) that the surface upon which she fell constituted an unsafe and dangerous condition for which the State should be held liable (see, McGill v 39 Casino St. Corp., 16 AD2d 832; Stewart v New York City Hous. Auth., 33 AD2d 901). The claimant's expert testimony was clearly inadequate in that guidelines promulgated by the United States Consumer Product Safety Commission, upon which he relied, were not mandatory or meant to be the exclusive standards for playground safety. Furthermore, the expert's testimony failed to establish the condition of the surface cover beneath the horizontal ladder at the time of the accident. His inspection took place some 2½ months after the accident, and his description of the surface condition was at odds with that of the infant claimant's mother, who described wood chips beneath the horizontal ladder at the time of the accident. The claimant's expert witness also opined that the horizontal ladder was too high. This conclusory opinion, without more, was insufficient to make out a case for the claimant. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.