■ PATRICIA PINZON, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [602 NYS2d 909] —In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered March 5, 1991, which, upon a jury verdict finding the plaintiff 40% at fault and the defendants 60% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal sum of $183,999, and the plaintiff cross-appeals, on the ground of inadequacy, from the same judgment.

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the defendants are awarded costs.

On July 20, 1986, the 34-year-old plaintiff, while traversing a horizontal ladder in a playground in Queens, failed to grasp the tenth rung and fell to the ground below. She sustained a right ankle fracture. The first nine rungs of the ladder measured 1.35 inches in diameter. The tenth rung measured 1.67 inches in diameter. The plaintiff's expert testified that the horizontal ladder was defectively designed because the diameter of the tenth rung exceeded the 1.6 inch guideline promulgated by the United States Consumer Product Safety Commission, and because the increased diameter of the tenth rung was a surprise element impeding the plaintiff's grasping ability. The defendants moved to dismiss the complaint at the conclusion of the plaintiff's case. We find that the plaintiff failed to make out a prima facie case and the defendants' motion should have been granted.

The expert's reliance on the handbook of the United States Consumer Product Safety Commission and the guidelines promulgated by the National Bureau of Standards is inadequate to establish the defendants' negligence. The standards promulgated by these agencies are not mandatory but merely suggested guidelines, and are established for children between the ages of 5 and 12 *(see, McCarthy v State of New York,* 167 AD2d 516). The expert's contention that the ladder was defective because the diameter of the tenth rung was a "surprise element" is a conclusory opinion not claimed by the plaintiff, and without more is insufficient to make out a case for the plaintiff *(see, McCarthy v State of New York, supra).* Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.