■ ROSLYN LUKIN, Also Known as ROSLYN L. MEHR, et al., Appellants, v GARY T. BRUCE et al., Respondents. [681 NYS2d 588] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered April 1, 1998, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, with costs, and the motion is granted.

A vehicle driven by the plaintiff Roslyn Lukin, while stopped near an intersection, was struck in the rear by a school bus owned by the defendant White Plains Bus Company, Inc., and driven by the defendant Gary T. Bruce. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. After issue was joined and various pre-trial discovery had been completed, including the depositions of Lukin and Bruce, the plaintiffs moved for partial summary judgment on

the issue of liability. The Supreme Court denied the motion, and we reverse.

Based on the competent evidence in the record, the defendants, in response to the plaintiffs' prima facie case, failed to satisfy their duty of explanation and to rebut the inference of negligence created by the unexplained rear-end collision (*see, Barile v Lazzarini,* 222 AD2d 635; *Abramowicz v Roberto,* 220 AD2d 374). The unsworn and undated accident statement from Bruce lacked evidentiary value and the allegations set forth therein should not have been considered in opposition to the plaintiffs' motion (*see, Rue v Stokes,* 191 AD2d 245; *Abrahamsen v Brockway Glass Co.,* 156 AD2d 615). Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.