■ BRIAN HEIFETS et al., Respondents, v ALLAN LEFKOWITZ et al., Appellants, et al., Defendant. [706 NYS2d 438] —In an action to recover damages for personal injuries, etc., the defendants Allan Lefkowitz and Dovorah Lefkowitz appeal, as

limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 27, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The infant plaintiff Brian Heifets (hereinafter the infant) was injured when he tripped and fell on Brigham Street in Brooklyn. The plaintiffs first commenced an action against Jeffrey Wagner and Bette Wagner, residing at 2426 Brigham Street (hereinafter Action No. 1), alleging that the infant fell in their driveway. Following examinations before trial in Action No. 1, the plaintiffs commenced this action (hereinafter Action No. 2) alleging that the infant plaintiff fell near the entrance of the property owned by the appellants located at 2422 Brigham Street.

Thereafter, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiffs already commenced Action No. 1 wherein they alleged that the infant's accident occurred at a different location. The plaintiffs opposed the motion contending that triable issues of fact existed, including, *inter alia*, whether the accident occurred on the appellants' property and whether the infant was mistaken in his original account of the accident's location. The Supreme Court denied the motion. We reverse.

The appellants made out a prima facie case that they were entitled to summary judgment dismissing the complaint insofar as asserted against them, based upon the prior deposition testimony of the infant and his mother in Action No. 1, that the infant fell in front of 2426 Brigham Street, a property with which the appellants have no connection (*see, James v Stark,* 183 AD2d 873). The plaintiffs' opposing papers, which consisted solely of their attorney's affirmation, together with inadmissible hearsay documents, were insufficient to warrant denial of the motion (*see, Zuckerman v City of New York,* 49 NY2d 557). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.