■ JOSEPH ORELLI et al., Appellants, v SHOWBIZ PIZZA TIME, INC., et al., Respondents. [753 NYS2d 737] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Hall, J.), dated October 31, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Orelli, then two years old, allegedly was injured when he fell off a coin-operated ride at a restaurant owned by the defendants. After the ride ended, the infant plaintiff's six-year-old sister, who had been on the ride with him, stepped off the ride, turned around, saw the infant plaintiff on the floor crying, and told her father. The infant plaintiff and his mother commenced this action alleging that the defendants were negligent. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

The defendants established prima facie their entitlement to summary judgment (see generally Bernstein v City of New York,

69 NY2d 1020, 1021-1022; *D'Meza v City of New York,* 286 AD2d 471, 472). In opposition, the plaintiffs failed to submit evidence in admissible form sufficient to raise a triable issue of fact. The unsworn letter of the plaintiffs' playground safety expert was not competent evidence to defeat the motion for summary judgment (*see* CPLR 2106; *Ritts v Teslenko,* 276 AD2d 768; *Woodard v City of New York,* 262 AD2d 405), and, in any event, was too speculative to raise a triable issue of fact (*see Merson v Syosset Cent. School Dist.,* 286 AD2d 668; *Pinzon v City of New York,* 197 AD2d 680; *McCarthy v State of New York,* 167 AD2d 516). In addition, the hearsay statements of the infant plaintiff's sister were not competent evidence to defeat the summary judgment motion (*see Phillips v Kantor & Co.,* 31 NY2d 307, 312, 315; *Allstate Ins. Co. v Keil,* 268 AD2d 545). In any event, the statements are insufficient to raise a triable issue of fact regarding the manner in which the infant plaintiff sustained his injury (*see Bernstein v City of New York, supra; D'Meza v City of New York, supra*). Altman, J.P., Smith, McGinity and Townes, JJ., concur.