■ SUZANNE SANTANTONIO, Respondent, v STOP & SHOP, Appellant, et al., Defendant. [774 NYS2d 738]—

In an action to recover damages for personal injuries, the defendant Stop & Shop appeals from an order of the Supreme Court, Kings County (Bonina, J.), dated November 26, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly slipped and fell on a wet and slippery substance on the floor of the appellant's supermarket. The plaintiff testified at her deposition that after she fell, she saw a "smear mark like a ridge of wax" on the floor. In opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the appellant either created the alleged dangerous condition, or had actual or constructive notice thereof and a reasonable time to remedy it (*see Negri v Stop & Shop,* 65 NY2d 625 [1985]; *Moody v Woolworth Co.,* 288 AD2d 446 [2001]). Moreover, the record is devoid of any evidence to establish that the substance complained of was wax, and that a hazardous condition was created by its negligent application (*see Schirripa v Waldbaums Supermarket,* 283 AD2d 632 [2001]). Thus, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.