CLAUDIA SOLDANO et al., Appellants, v BAYPORT-BLUE POINT UNION FREE SCHOOL DISTRICT, Respondent. [815 NYS2d 712]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 16, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in rejecting the affidavit of the purported expert proffered by the plaintiffs. The plaintiffs failed to identify the expert in pretrial disclosure, and served the affidavit, which was elicited solely to oppose the defendant's motion for summary judgment, after filing a note of issue and certificate of readiness attesting to the completion of discovery (*see Safrin v DST Russian & Turkish Bath, Inc.,* 16 AD3d 656 [2005]). In any event, the expert's reliance on the handbook of the United States Consumer Product Safety Commission was inadequate to establish the defendant's negligence. The standards promulgated by that agency are not mandatory but are merely suggested guidelines (*see Pinzon v City of New York,* 197 AD2d 680 [1993]).

Although the plaintiffs further claim that negligent supervision on the part of the defendant was the proximate cause of the injuries sustained by the infant plaintiff, where, as here, an accident occurs in so short a span of time that " 'even the most intense supervision could not have prevented it,' lack of supervision is not the proximate cause of the injury" (*see Janukajtis v Fallon,* 284 AD2d 428, 430 [2001]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.