■ MARGARET COLLINS, Respondent, v LARO SERVICE SYSTEMS OF NEW YORK, INC., Appellant. [829 NYS2d 168]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered August 31, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on a light blue sticky substance on the floor of a Stop & Shop Supermarket (hereinafter Stop & Shop). After the alleged accident she commenced this action against the defendant, a cleaning company which contracted with Stop & Shop to clean, polish, and maintain the supermarket floors. The plaintiff alleged that the defendant created the dangerous condition by its negligent cleaning and polishing of the floor. The defendant moved for summary judgment contending that it did not owe a duty to the plaintiff since she was not a party to its contract with Stop & Shop and it did not create the allegedly dangerous condition. The Supreme Court denied the defendant's motion. We reverse.

A defendant who negligently creates or exacerbates a dangerous condition while performing services pursuant to a contract may be liable for injuries sustained by a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Dappio v Port Auth. of N.Y. & N.J.*, 299 AD2d 310, 311 [2002]). The defendant here, however, made a prima facie showing that its floor cleaning operations did not create the sticky substance on the floor (*see Santantonio v Stop & Shop*, 5 AD3d 659 [2004]; *Schmidt v Promaster Cleaning Serv.*, 281 AD2d 468 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created the alleged hazardous condition (*see Santantonio v Stop & Shop, supra*; *Schirripa v Waldbaums Supermarket*, 283 AD2d 632 [2001]). The plaintiff submitted her attorney's affirmation, together with inadmiss-

able hearsay documents, to prove that the cleaning product used by the defendant prior to her fall was similar in color to the substance she slipped on. Contrary to the determination of the Supreme Court, these submissions were insufficient to warrant denial of the motion (*see Heifets v Lefkowitz*, 271 AD2d 490 [2000]). Moreover, it is mere speculation that the substance upon which the plaintiff slipped was the same as the cleaning product used by the defendant, or that it was the defendant who negligently put that substance on the floor (*see Hagan v P.C. Richards & Sons, Inc.*, 28 AD3d 422, 423 [2006]; *Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d 457 [2003]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.