HERMITAGE INSURANCE COMPANY, Appellant, v TRANCE NITE CLUB, INC., Doing Business as IMAGE BAR & LOUNGE, Respondent, et al., Defendant. [834 NYS2d 870]—In an action for a judgment declaring, in effect, that the plaintiff is not obligated to defend and indemnify the defendant Trance Nite Club, Inc., doing business as Image Bar & Lounge, in an underlying action entitled *Hilton v Kelly*, pending in the Supreme Court, Nassau County, under index No. 4791/05, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), entered September 18, 2006, which denied its motion for leave to enter a judgment against that defendant upon its default in answering or appearing and declared that the plaintiff is obligated to defend and indemnify that defendant in the underlying action.

Ordered that the order and judgment is reversed, on the law and in the exercise of discretion, with costs, the motion is granted, and it is declared that the plaintiff is not obligated to defend and indemnify the defendant Trance Nite Club, Inc., doing business as Image Bar & Lounge, in the underlying action entitled *Hilton v Kelly*, pending in the Supreme Court, Nassau County, under index No. 4791/05.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's unopposed motion for leave to enter a default judgment against the defendant Trance Nite Club, Inc., doing business as Image Bar & Lounge (hereinafter the insured). In support of its motion, the plaintiff submitted the affidavit of its claims examiner. That affidavit, which set forth the relevant language of the insurance policy issued by the plaintiff to the insured, was sufficient to show that the plaintiff was not obligated to defend and indemnify the insured in the underlying action. Since the defendants failed to oppose the motion, it should have been granted (*see* CPLR 3215; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521 [2005]; *see also Neuman v Zurich N. Am.*, 36 AD3d 601 [2007]; *cf. Fappiano v City of New York,* 5 AD3d 627, 628-629 [2004]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.