■ HEIDI KOSICKI, as Parent and Natural Guardian of A.K., an Infant, Appellant, v SPRING GARDEN ASSOCIATION, INC., Doing Business as SPRING GARDEN PARK, Respondent. [839 NYS2d 660]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 21, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the condition of the ground under the swing in question and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by her seven-year-old daughter when she fell from a swing located on a playground owned by defendant. The complaint, as amplified by the bill of particulars, alleges that defendant was negligent in "maintaining a dangerous . . . condition on the premises, to wit: packed dirt and/or soil under the swing set and an inadequate swing seat." Defendant moved for summary judgment dismissing the complaint, and we conclude that Supreme Court properly granted defendant's motion with respect to the allegedly inadequate swing seat. Defendant met its initial burden of establishing that it maintained the swing seat in a reasonably safe condition (*see Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]), and plaintiff failed to raise a triable issue of fact in opposition with respect to the safety of the swing seat (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court erred, however, in granting that part of defendant's motion with respect to the condition of the ground under the swing from which plaintiff's daughter fell, i.e., packed dirt and/or soil, and we therefore modify the order accordingly. Defendant failed to meet its burden of establishing as a matter of law that the ground was reasonably safe under the circumstances (*see Prosser v County of Erie*, 244 AD2d 942, 943 [1997]), in part because it did not submit an expert's affidavit addressing that issue. Even assuming that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact whether defendant breached its duty to maintain its property in a reasonably safe condition by submitting her expert's affidavit

(*see generally Lugo v LJN Toys*, 146 AD2d 168, 170 [1989], *affd* 75 NY2d 850 [1990]). Plaintiff's expert relied in part on the guidelines of the United States Consumer Product Safety Commission (CPSC) in support of her opinion that hard-packed dirt and grass surfaces are not acceptable surfaces below playground swings, and we conclude that the opinion of plaintiff's expert raises an issue of fact whether defendant used reasonable care under these circumstances (*see generally id.*). We further conclude that the CPSC guidelines do not impose a higher standard of care than that required by the common law.

Plaintiff also raised an issue of fact with respect to defendant's alleged actual or constructive notice of the allegedly dangerous condition of the ground under the swing by submitting the deposition testimony of defendant's president, who admitted that the grass beneath the swing had been worn away and described the resulting surface as grass, "dirt or mud," and "hard sand." Thus, we conclude that "this case is not one in which summary judgment, a drastic remedy that is the procedural equivalent of a trial . . . , should be granted" (*id.* at 171).

All concur except Scudder, P.J., and Smith, J., who dissent in part and vote to affirm in the following memorandum.

Scudder, P.J., and Smith, J. (dissenting in part). We respectfully dissent in part. We agree with the majority that Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the complaint with respect to the allegedly inadequate swing seat. We do not agree, however, that there is a triable issue of fact with respect to the condition of the ground under the swing from which plaintiff's daughter fell, and we therefore would affirm the order granting defendant's motion in its entirety. In our view, defendant met its initial burden in that respect by establishing that it maintained the playground facilities in a reasonably safe condition (*see Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]), and that it did not have actual or constructive notice of a dangerous condition on the premises (*see Coleman v New York City Hous. Auth.*, 12 AD3d 281 [2004]; *Sinto v City of Long Beach*, 290 AD2d 550 [2002]). Plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note in particular that, although the affidavit of plaintiff's expert stated that hard-packed dirt surfaces are not recommended for swings, the expert cited only to the guidelines issued by the United States Consumer Product Safety Commission for that proposition, and those guidelines "are neither mandatory nor intended to be the exclusive standards for playground safety" (*Merson v Syosset*

*Cent. School Dist.*, 286 AD2d 668, 670 [2001]; *see Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891 [2006]; *Pinzon v City of New York*, 197 AD2d 680, 681 [1993]; *McCarthy v State of New York*, 167 AD2d 516, 517 [1990]). "Absent proof that a particular guideline or recommendation has been adopted in actual practice, it cannot be held to impose a heightened standard of care upon the defendant[ ]" (*Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]).

In any event, even assuming, arguendo, that there was a dangerous condition, we conclude that plaintiff failed to raise a triable issue of fact whether defendant created that condition (*see Collins v Laro Serv. Sys. of N.Y., Inc.*, 36 AD3d 746 [2007]; *Kelly v Berberich*, 36 AD3d 475, 476-477 [2007]), or had actual or constructive notice of it (*see Coleman*, 12 AD3d 281 [2004]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.