■ FRED McDONALD, Respondent, v SIMON STROH, Appellant. [842 NYS2d 728]—In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Balter, J.), entered July 12, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

■ FRED McDONALD, Appellant, v SIMON STROH, Respondent. [842 NYS2d 727]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), entered December 12, 2006, as granted that branch of the defendant's motion which was for leave to reargue his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was determined in an order of the same court entered July 12, 2006, and upon reargument, in effect, vacated the order entered July 12, 2006, and granted the defendant's motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was for leave to reargue his motion for summary judgment dismissing the complaint on

the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, and the order entered July 12, 2006, is reinstated.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (*E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *see Matter of New York Cent. Mut. Ins. Co. v Davalos*, 39 AD3d 654, 655 [2007]). Under the facts of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was for leave to reargue his motion for summary judgment dismissing the complaint. On his motion for summary judgment, the defendant failed to meet his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Gentile v Snook*, 20 AD3d 389 [2005]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.