■ ELSA MEDRANO et al., Respondents, v STATE FARM FIRE & CASUALTY COMPANY, Appellant, and ROBERT FILER, Respondent. [863 NYS2d 480]—

In an action for a judgment declaring that the defendant State Farm Fire & Casualty Company has an obligation to defend and indemnify the defendant Robert Filer, an infant, by his parents and natural guardians Robert Filer and Marcia Filer, in an underlying personal injury action entitled *Medrano v Filer,* pending in the Supreme Court, Queens County, under index No. 20919/03, the defendant State Farm Fire & Casualty Company appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Hart, J.), entered May 11, 2007, as granted the plaintiffs' motion for summary judgment declaring that it is so obligated, granted the cross motion of the defendant Robert Filer, an infant, by his parents and natural guardians Robert Filer and Marcia Filer, for summary judgment declaring that it is so obligated, denied its cross motion for summary judgment, and declared that it is obligated to defend and, if necessary, indemnify the defendant Robert Filer, an infant, by his parents and natural guardians Robert Filer and Marcia Filer, in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On March 28, 2003, at approximately 1:00 P.M., the plaintiff Elsa Medrano (hereinafter the plaintiff), a teacher's aide, was working at Middle School 202 in Ozone Park. She was monitoring a student in the cafeteria, when a food fight broke out among eighth-grade students. The defendant Robert Filer threw a garbage can into the air, which struck the plaintiff and injured her.

The plaintiff and her husband, suing derivatively, commenced a personal injury action alleging that Filer negligently, carelessly, and recklessly caused the plaintiff's injuries. At the time of the injury, Filer's parents were insured under a homeowner's insurance policy issued by the defendant State Farm Fire & Casualty Company (hereinafter State Farm). State Farm issued a disclaimer letter and denied liability coverage for the claims asserted against Filer in the personal injury action stating, inter alia, that the alleged incident did not qualify as an "occurrence," which is defined in the policy as an accident, and that the policy contained an exclusion for a claim for bodily injury that either was expected or intended by the insured or was the result of willful and malicious acts of the insured.

The plaintiffs commenced this action for a judgment declaring that State Farm is obligated to defend and indemnify Filer

in connection with the underlying personal injury action. The Supreme Court granted the plaintiffs' motion for summary judgment declaring that State Farm is so obligated, granted Filer's cross motion for the same relief, and denied State Farm's cross motion for summary judgment. The court reasoned, in part, that the complaint in the underlying action alleged negligence. It further based its determination on the deposition testimony of Filer, which indicated a lack of intent to injure the plaintiff, ruling that this was sufficient to bring the underlying personal injury action within the parameters of the policy, and to create a duty to defend. We agree.

The State Farm policy defines an "occurrence" as an accident which results in bodily injury, and the policy's bodily injury exclusion states that coverage does not apply to bodily injury which was either expected or intended by the insured or was the result of willful and malicious acts of the insured. State Farm failed to demonstrate its entitlement to judgment as a matter of law since it did not show that the allegations of the complaint fell wholly outside coverage or within any valid policy exclusion. The allegations of negligence in the complaint implied an unintentional or unexpected event which potentially gives rise to a covered claim as against Filer (see Barry v Romanosky, 147 AD2d 605 [1989]).

The plaintiffs and Filer demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that Filer did not intentionally cause injury to the plaintiff, and that although such injury may have been the unintended result of Filer's conduct, it was not the result of a willful and malicious act (see Slayko v Security Mut. Ins. Co., 98 NY2d 289, 293 [2002]; Allegany Co-op Ins. Co. v Kohorst, 254 AD2d 744, 745 [1998]; Baldinger v Consolidated Mut. Ins. Co., 15 AD2d 526 [1961], affd 11 NY2d 1026 [1962]). In opposition, State Farm failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly awarded summary judgment to the plaintiffs and Filer, properly denied State Farm's cross motion for summary judgment, and properly declared that State Farm is obligated to defend Filer in the underlying personal injury action (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]; Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65-66 [1991]; Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310-311 [1984]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.