■ LANCER INSURANCE COMPANY, Appellant, v OMAR WHIT-
FIELD, Doing Business as WHITFIELD AUTO CENTER, et al.,
Defendants, and KEVIN JOHNSON et al., Respondents. [878 NYS2d
82]—

In an action for a judgment declaring that the plaintiff is not
obligated to defend and indemnify the defendants Omar
Whitfield, doing business as Whitfield Auto Center, and Charles
Whitfield in an underlying action entitled *Johnson v Whitfield
Auto,* pending in the Supreme Court, Queens County, under
index No. 11628/06, the plaintiff appeals from an order of the
Supreme Court, Nassau County (Feinman, J.), dated June 26,
2008, which denied its motion for summary judgment on the
complaint.

Ordered that the order is reversed, on the law, with costs, the
motion is granted, and the matter is remitted to the Supreme
Court, Nassau County, for the entry of a judgment declaring
that the plaintiff is not obligated to defend or indemnify the
defendants Omar Whitfield, doing business as Whitfield Auto
Center, and Charles Whitfield in the underlying action entitled
*Johnson v Whitfield Auto,* pending in the Supreme Court,
Queens County, under index No. 11628/06.

The plaintiff insurer issued a garage dealer's policy of insur-
ance (hereinafter the subject policy) to the defendant Omar
Whitfield, doing business as Whitfield Auto Center, an auto
dealership. On May 31, 2004, at approximately 1:00 A.M., an
automobile owned by the auto dealership was involved in an ac-
cident. At the time of the accident, the subject vehicle was being
driven by the defendant Charles Whitfield (hereinafter the driv-
er), Omar Whitfield's father. The defendants Kevin Johnson
and Reginald Smalls (hereinafter the respondents) commenced
an underlying personal injury action against, among others, the
auto dealership and the driver (hereinafter collectively the
Whitfield defendants) for personal injuries they allegedly
sustained in the accident. The plaintiff commenced this action
seeking a judgment declaring that it was not obligated to defend
or indemnify the Whitfield defendants in the underlying
personal injury action because the accident did not fall within
the coverage provisions of the subject policy as the driver's use
of the subject vehicle at the time of the accident was unrelated
to "garage operations" as required by the policy.

The Whitfield defendants did not interpose an answer in the instant action, and by order of the Supreme Court, Nassau County (Feinman, J.), dated November 5, 2007, the court granted that branch of a prior motion of the plaintiff which was pursuant to CPLR 3215 for a default judgment against them. By defaulting, the Whitfield defendants admitted the allegations in the instant complaint and all reasonable inferences therefrom, to wit, that the driver had borrowed the subject vehicle "to visit friends in North Babylon, and was on his way home when the accident occurred" and that at the time of the accident, he "was not operating the [subject vehicle] in furtherance of the garage business" (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Matter of Gupta*, 38 AD3d 445, 446 [2007]; *Lamm v Stevenson*, 276 AD2d 531 [2000]; *Fleet Bank v Powerhouse Trading Corp.*, 267 AD2d 276, 277 [1999]; *see also Hermitage Ins. Co. v Trance Nite Club, Inc.*, 40 AD3d 1032 [2007]; *Silberstein v Presbyterian Hosp. in City of N.Y.*, 96 AD2d 1096 [1983]). Based on the foregoing, the plaintiff established, prima facie, that the accident was not covered by the subject policy which requires it to pay damages for bodily injury caused by an accident and resulting from "garage operations" involving the ownership, maintenance or use of a covered auto (*see Singh v Allcity Ins. Co.*, 1 AD3d 501 [2003]; *Empire Group Allcity Ins. Co. v Cicciaro*, 240 AD2d 362, 363 [1997]; *Dumblewski v ITT Hartford Ins. Group*, 213 AD2d 823 [1995]).

Since the plaintiff, as movant, demonstrated its prima facie entitlement to summary judgment, the burden shifted to the respondents, as opponents of the motion, to provide evidence, in proper admissible form, sufficient to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The respondents failed to meet their burden since their opposing papers consisted solely of the affirmation of counsel in which hearsay statements of the Whitfield defendants were proffered to defeat the motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Collins v Laro Serv. Sys. of N.Y., Inc.*, 36 AD3d 746, 746-747 [2007]; *Salzano v Korba*, 296 AD2d 393, 395 [2002]; *Heifets v Lefkowitz*, 271 AD2d 490, 491 [2000]; *cf. Municipal Testing Lab., Inc. v Brom*, 38 AD3d 862 [2007]; *Mazzola v City of New York*, 32 AD3d 906 [2006]; *Orelli v Showbiz Pizza Time*, 302 AD2d 440, 441 [2003]; *Ritts v Teslenko*, 276 AD2d 768, 769 [2000]; *Dan's Supreme Supermarkets v Redmont Realty Co.*, 261 AD2d 353, 354 [1999]; *Lukin v Bruce*, 256 AD2d 388, 389 [1998]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626 [1998]).

Accordingly, the Supreme Court should have granted the plaintiff's motion.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the appellant is not obligated to defend and indemnify the Whitfield defendants in the underlying action entitled *Johnson v Whitfield Auto,* pending in the Supreme Court, Queens County, under index No. 11628/06 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The respondents' remaining contentions are without merit. Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.