■ STATE INSURANCE FUND, Respondent, v AMERICAN HARD-WARE MUTUAL INSURANCE COMPANY et al., Appellants. [882 NYS2d 300]—

In an action for a judgment declaring, in effect, that the defendants are obligated to pay their proportionate share of the settlement and defense costs incurred in an underlying action entitled *Walsh v Stegman*, in the Supreme Court, Nassau County, under index No. 8085/91, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Woodard, J.), dated October 19, 2007, which, inter alia, upon an order of the same court dated January 12, 2007, granting the plaintiff's motion to resettle a prior order of the same court dated January 17, 2006, which granted the plaintiff's motion for leave to reargue that branch of its prior motion which was for summary judgment, and upon reargument, granted that branch of the motion, declared, in effect, that they are obligated to pay their proportionate share of the settlement and defense costs incurred in the underlying action, and is in favor of the plaintiff and against them in the principal sum of $650,000 plus two thirds of the defense costs incurred in the underlying action, and (2) an order of the same court dated October 22, 2007, which determined the amount of the two thirds of defense costs in the underlying action to be $13,363.84.

Ordered that on the Court's own motion, the notice of appeal from the order dated October 22, 2007 is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment is modified, on the law, by reducing the award to the plaintiff from the principal sum of $650,000 to the principal sum of $300,000; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 22, 2007 is affirmed, without costs or disbursements.

In an underlying personal injury action, an employee of World of Hitches N Rental, Inc. (hereinafter World of Hitches), sought to recover damages for injuries he sustained when a container exploded while he was filling it with kerosene. Three of the defendants, in turn, brought a third-party action for contribution against World of Hitches. The employee's personal injury action ultimately was settled for the sum of $1,475,000, of which amount the plaintiff State Insurance Fund (hereinafter SIF), as the workers' compensation insurer of World of Hitches, paid $750,000. SIF also agreed to waive its workers' compensation lien in the amount of $225,000.

After the settlement, SIF commenced this action seeking, in effect, a judgment declaring that the defendants are obligated to pay their proportionate share of the settlement and defense costs incurred in the underlying action. The defendants had issued World of Hitches two insurance policies which were in effect at the time of the accident—a commercial general liability policy and a garage policy. Although the defendants initially defended World of Hitches, SIF took over the defense after the defendants disclaimed coverage on the ground that both policies excluded coverage for bodily injury to an employee arising out of and in the course of employment.

Since the disclaimer was based on policy exclusions, the defendants were required to provide World of Hitches with timely notice of its disclaimer under Insurance Law § 3420 (d) (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185 [2000]). The Supreme Court properly found that the defendants' disclaimer, issued more than four months after receiving notification of the third-party action, was untimely as a matter of law (*see Rael Automatic Sprinkler Co., Inc. v Schaefer Agency*, 52 AD3d 670 [2008]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49 [2000]). Contrary to the defendants' contention, no showing of prejudice was required under Insurance Law § 3420 (d) (*see Allstate Ins. Co. v Gross*, 27 NY2d 263 [1970]).

Additionally, we reject the defendants' argument that even if the disclaimer was untimely, no coverage was provided under the garage policy because the employee was not injured while

engaged in garage operations (*see Zappone v Home Ins. Co.*, 55 NY2d 131, 134 [1982]). The record establishes that the employee's actions were taken in furtherance of the garage business (*compare Lancer Ins. Co. v Whitfield*, 61 AD3d 724 [2009]; *Singh v Allcity Ins. Co.*, 1 AD3d 501 [2003]; *Minerva v Merchants Mut. Ins. Co.*, 117 AD2d 720 [1986]).

Although the defendants were obligated to defend and indemnify World of Hitches in the underlying action (*see Moore v Ewing*, 9 AD3d 484 [2004]), and thus must pay their proportionate share of the settlement (*see Hawthorne v South Bronx Community Corp.*, 78 NY2d 433 [1991]) and defense costs incurred in the underlying action, their contribution may not exceed the limits of the policies. Here, both policy limits were $300,000 per accident. Moreover, the garage policy provided that all of the defendants' policies were mutually exclusive in that if more than one policy applied to the same accident, the maximum limit of liability under all the policies would not exceed the highest applicable limit under one policy. Thus, the maximum amount the defendants were required to contribute to the settlement was $300,000, and the judgment must be modified accordingly. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.