■ CHARLES EVERHART et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. [885 NYS2d 765]—

In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals, as limited by its brief,

from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated September 29, 2008, as granted that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been granted in a prior order dated March 18, 2008, and, upon reargument, denied that branch of the motion, and the defendant Zampini Construction Corp. separately appeals, as limited by its brief, from so much of the same order dated September 29, 2008, as, upon granting that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been granted in the order dated March 18, 2008, denied that branch of its motion.

Ordered that the order dated September 29, 2008 is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and, upon reargument, so much of the order dated March 18, 2008, as granted that branch of the motion of the defendant Zampini Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is adhered to.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to reargue their opposition to that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it since the Supreme Court did not overlook or misapprehend the facts or law, or mistakenly arrive at its earlier decision (*see* CPLR 2221 [d]; *McDonald v Stroh*, 44 AD3d 720, 721 [2007]; *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]). In response to the County's demonstration of its entitlement to judgment as a matter of law, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the County had notice of the alleged defect, in this case, a piece of concrete embedded in sand at a beach club (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473 [2004]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798 [2003]).

Upon reargument, the Supreme Court should have adhered to its original determination granting that branch of the motion of the defendant Zampini Construction (hereinafter Zampini)

which was for summary judgment dismissing the complaint insofar as asserted against it. In response to Zampini's demonstration of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether it created the alleged defect which caused the injured plaintiff to trip and fall (*see Collins v Laro Serv. Sys. of N.Y., Inc.*, 36 AD3d 746, 747 [2007]; *Licatese v Waldbaums, Inc.*, 277 AD2d 429 [2000]). In this regard, the Supreme Court erred in applying the doctrine of res ipsa loquitur to this case. The evidence failed to show that Zampini was in exclusive control of the alleged defect which caused the injured plaintiff to trip and fall (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.