In the Matter of BRADFORD HILL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [890 NYS2d 627]—

The Supreme Court improvidently exercised its discretion in granting the petitioner's motion, in effect, for leave to reargue the petition, since the Supreme Court did not overlook or misapprehend the facts or law in its initial determination, or mistakenly arrive at its earlier determination (*see* CPLR 2221 [d]; *Everhart v County of Nassau*, 65 AD3d 1277 [2009]; *McDonald v Stroh*, 44 AD3d 720, 721 [2007]; *E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]). The petitioner failed to offer a reasonable excuse for failing to serve a timely notice of claim. While the petitioner may have been physically incapacitated during the first 4½ months after the accident, due to an unrelated illness, he failed to proffer a reasonable excuse as to why his attorney waited an additional 8½ months after he was retained before seeking leave to serve the late notice of claim (*see Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Baglivi v Town of Southold*, 301 AD2d 597, 598 [2003]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000]). Furthermore, the appellant did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [1], [5]). Here, neither the incident report completed by the bus driver involved in the underlying incident nor the accident/crime investigation report completed by a manager employed by the appellant on the date of the accident, both of which indicated that the petitioner lost his balance, slipped on the last step, and then tripped and fell on the sidewalk, provided the appellant with actual knowledge of the essential facts constituting the petitioner's present claim that he was caused to trip and fall by reason of the hazardous sidewalk and that the appellant was negligent in discharging the petitioner onto the hazardous sidewalk (*see Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]; *Johnson v Katonah-Lewisboro School Dist.*, 285 AD2d 490 [2001]). Finally, the petitioner failed to establish that the 10-month delay after the expiration of the 90-day statutory period would not substantially prejudice the appellant in maintaining a defense on the merits (*see Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141 [2009]; *Troy v Town of Hyde Park*, 63 AD3d at 914; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 [2008]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.