■ DIANE P. NICOLIA, Respondent, v ROBERTO L. NICOLIA, Appellant. [924 NYS2d 509]—

In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated June 10, 2010, which (1), in effect, granted that branch of the wife's motion which was for leave to renew that branch of her prior motion which was to compel him to pay a $50,000 interim retainer fee to a real estate appraisal firm, which had been denied in an order dated March 19, 2010, and, upon renewal, in effect, vacated the determination in the order dated March 19, 2010, denying that branch of the wife's prior motion and thereupon granted that branch of her motion, and (2), in effect, granted that branch of the wife's motion which was for leave to renew and reargue that branch of her prior motion which was to compel him to pay a $40,000 interim retainer fee to a forensic accounting firm, which had been denied in the order dated March 19, 2010, and, upon renewal and reargument, in effect, vacated the determination in the order dated March 19, 2010, denying that branch of the wife's prior motion and thereupon granted that branch of her motion.

Ordered that the order dated June 10, 2010, is reversed, on the facts and in the exercise of discretion, with costs, that branch of the wife's motion which was for leave to renew that branch of her prior motion which was to compel the husband to pay a $50,000 interim retainer fee to a real estate appraisal firm is denied, that branch of the wife's motion which was for leave to renew and reargue that branch of her prior motion which was to compel the husband to pay a $40,000 interim retainer fee to a forensic accounting firm is denied, and the determinations in the order dated March 19, 2010, are reinstated.

The wife commenced this action for a divorce and ancillary relief. The parties agreed, in a stipulation that was so-ordered by the Supreme Court, that they would be bound by the determination of an identified neutral forensic accounting firm as to the value of the husband's various business interests. The par-

ties also agreed that they would be bound by the determination of a neutral real estate appraisal firm as to the value of the real properties identified and described in the husband's statement of net worth. The so-ordered stipulation provided that the identity of the real estate appraiser would be determined at a future time.

Approximately19 months after the stipulation was executed, the wife moved for, among other things, an order directing the husband to pay a $50,000 interim retainer fee so that she could hire her own real estate appraisal firm and a $40,000 retainer fee so that she could hire her own forensic accounting firm. The Supreme Court denied those branches of the wife's motion.

The wife then moved for renewal of that branch of her motion which was to direct the husband to pay a $50,000 interim retainer fee so that she could hire her own real estate appraisal firm and for renewal/reargument of that branch of her motion which was to direct the husband to pay a $40,000 retainer fee so that she could hire her own forensic accounting firm. The Supreme Court granted both branches of the wife's motion and, upon renewal and reargument, directed the husband to pay a $50,000 interim retainer fee so that the wife could hire her own real estate appraisal firm and a $40,000 retainer fee so that she could hire her own forensic accounting firm.

The Supreme Court improvidently exercised its discretion in granting that branch of the wife's motion which was for leave to renew that branch of her prior motion which was to compel the husband to pay a $50,000 interim retainer fee to a real estate appraisal firm. The affirmation of her attorney was without evidentiary value (*see Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2006]; *Clarke v Helene Curtis, Inc.*, 293 AD2d 701, 702 [2002]; *Franklyn Folding Box Co. v Grinnell Mfg.*, 234 AD2d 505, 506 [1996]; *Zimmer v Cathedral School of St. Mary & St. Paul*, 204 AD2d 538, 539 [1994]), and she, therefore, failed to provide new facts not offered on the prior motion that would change the prior determination of this branch of her motion (*see* CPLR 2221 [e]; *see also SCG Architects v Smith, Buss & Jacobs, LLP*, 82 AD3d 953 [2011]).

The Supreme Court also improvidently exercised its discretion in granting that branch of the wife's motion which was for leave to renew and reargue that branch of her prior motion which was to compel the husband to pay a $40,000 interim retainer fee to a forensic accounting firm. She failed to provide new facts not offered on the prior motion that would change the prior determination (*see* CPLR 2221 [e]; *see also SCG Architects v Smith, Buss & Jacobs, LLP*, 82 AD3d 953 [2011]). Further-

more, she "made no effort to demonstrate to the [court] in what manner it had either overlooked or misapprehended the relevant facts or law" (*Matter of Anthony J. Carter, DDS, P.C. v Carter*, 81 AD3d 819, 820 [2011]; *see V. Veeraswamy Realty v Yenom Corp.*, 71 AD3d 874 [2010]). In any event, "the Supreme Court did not overlook or misapprehend the facts or law in its initial determination, or mistakenly arrive at its earlier determination" (*Matter of Hill v New York City Tr. Auth.*, 68 AD3d 866, 867 [2009]; *see Mazinov v Rella*, 79 AD3d 979, 980 [2010]; *Everhart v County of Nassau*, 65 AD3d 1277, 1278 [2009]).

In light of the foregoing, we need not reach the husband's remaining contentions. Covello, J.P., Eng, Chambers and Miller, JJ., concur.