In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 12, 2011, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the order is affirmed, with costs.
Eursuant to General Municipal Law § 50-e (5), a court has the discretion to permit the service of a late notice of claim. The relevant factors for the court to consider include whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in *883 maintaining its defense on the merits (see General Municipal Law 50-e [5]; Matter of Rush v County of Suffolk, 35 AD3d 619, 619 [2006]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 19-20 [2005]).
Here, the petitioner’s conclusory assertions were insufficient to demonstrate a reasonable excuse for her failure to serve a timely notice of claim and for the delay in seeking leave to serve the late notice of claim (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 670 [2012]; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]). Furthermore, the respondent did not acquire actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter (see General Municipal Law § 50-e [1], [5]). Neither the domestic incident report completed by the petitioner two days before her stolen vehicle was damaged in an accident nor the police accident report completed on the date of the accident provided the respondent with actual knowledge of the essential facts constituting the petitioner’s present claim that her vehicle was damaged due to the respondent’s negligence in allegedly releasing her vehicle to a third party without her permission five days before the accident (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d at 669-670; Matter of Hill v New York City Tr. Auth., 68 AD3d at 867; Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404, 406 [2007]). Finally, the petitioner did not establish that the delay in commencing this proceeding will not substantially prejudice the respondent in maintaining its defense on the merits (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]; Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612, 612 [2002]; Matter of Sheff v County of Westchester, 279 AD2d 632, 633 [2001]).
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.R, Florio, Dickerson, Leventhal and Lott, JJ., concur.