In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered September 24, 2012, which granted the motion of the defendant East Meadow Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
On September 30, 2009, the infant plaintiff, a first-grade student, allegedly was injured while playing on a ring apparatus at the defendant McVey Elementary School (hereinafter the school). The infant plaintiff, by her mother, and her mother individually, commenced this action to recover damages for personal injuries against the school and the East Meadow Union Free School District (hereinafter the School District).
In opposition to the School District’s prima facie showing of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. While the plaintiffs submitted the affidavit and report of their purported expert, there was no showing that the purported expert had any specialized knowledge, experience, training, or education regarding playground equipment so as to qualify him to render an opinion in this area *669 (see Y.H. v Town of Ossining, 99 AD3d 760, 762 [2012]). Furthermore, the expert’s opinions were speculative and conclusory (see Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558 [2009]). Additionally, the plaintiffs’ reliance on the handbook of the United States Consumer Product Safety Commission was inadequate to raise a triable issue of fact as to the School District’s negligence, since the standards promulgated by that agency are not mandatory but, rather, are merely suggested guidelines (see Miller v Kings Park Cent. School Dist., 54 AD3d 314, 315 [2008]; Soldano v Bayport-Blue Point Union Free School Dist., 29 AD3d 891 [2006]; Pinzon v City of New York, 197 AD2d 680, 681 [1993]).
The plaintiffs’ remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, the Supreme Court properly granted the School District’s motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.R, Dillon, Hall and Roman, JJ., concur.