(March 16, 2016)

■ AMERICARE CERTIFIED SPECIAL SERVICES, INC., Appellant, v NAUTILUS INSURANCE COMPANY, Respondent. [27 NYS3d 630]—

In an action, inter alia, for a judgment declaring, in effect, that the defendant is obligated to pay the settlement and defense costs incurred by the plaintiff in an underlying action entitled *Johnson v Shah*, commenced in the United States District Court for the Eastern District of New York, under case No. 11-Civ-1956, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated January 27, 2014, which denied its motion, in effect, for summary judgment declaring that the defendant is obligated to pay the settlement and defense costs the plaintiff incurred in the underlying action, and, upon searching the record, awarded the defendant summary judgment dismissing the complaint and, in effect, declaring that the defendant is not so obligated.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion, in effect, for summary judgment declaring that the defendant is obligated to pay the settlement and defense costs the plaintiff incurred in an underlying action entitled *Johnson v Shah*, commenced in the United States District Court for the Eastern District of New York, under case No. 11-Civ-1956, is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is so obligated.

The plaintiff, Americare Certified Special Services, Inc. (hereinafter Americare), is a certified home health care agency (hereinafter CHHA) approved to participate in the Medicaid program. Americare was named as a defendant in an underlying class action lawsuit also asserted against Personal Touch Home Care, Inc. (hereinafter Personal Touch), another CHHA, and various state and local officials involved in administering the Medicaid program in New York. The named plaintiffs in the underlying action, who received Medicaid-funded home health services from Americare or Personal Touch, sought class certification, declaratory and injunctive relief, and compensatory damages. They alleged that, in response to state budget cuts which changed the reimbursement rates applicable to Medicaid-funded home care services in a manner designed to discourage providing unnecessarily high levels of services to particular patients, Americare and Personal Touch had terminated or reduced their home health services even though their patients' medical needs remained the same. Americare

and Personal Touch allegedly did so without affording patients the statutory due process protections to which they were entitled in violation of the Medicaid Act (42 USC § 1396) and the Americans with Disabilities Act (42 USC § 12131) and their implementing regulations, the Rehabilitation Act of 1973 (29 USC § 794), and the due process clause of the Fourteenth Amendment to the United States Constitution. The plaintiffs in the underlying action also alleged that other CHHAs throughout the state routinely engaged in similar practices.

Americare sought defense and indemnification in the underlying action under two insurance policies issued to it by the defendant, Nautilus Insurance Company (hereinafter Nautilus)—a health care general liability policy and a health care professional liability policy—which were in effect at the time of Americare's alleged improper reduction or termination of home health services. Nautilus disclaimed coverage on the grounds that the allegations of the class action complaint fell outside the scope of both policies and both policies excluded coverage for non-monetary damages. Americare undertook its own defense in the underlying action, and ultimately entered into a stipulation of settlement pursuant to which it agreed to pay $50,000 to the plaintiffs' counsel for damages and attorneys' fees.

Following the settlement, Americare commenced this action against Nautilus, seeking, among other things, a judgment declaring, in effect, that Nautilus is obligated to pay the settlement and defense costs Americare incurred in the underlying action. Americare moved, in effect, for summary judgment declaring that Nautilus is so obligated. The Supreme Court denied the motion, and, upon searching the record, awarded Nautilus summary judgment dismissing the complaint and, in effect, declaring that Nautilus is not so obligated.

Americare demonstrated, prima facie, that Nautilus was obligated to defend and indemnify it in the underlying action by submitting evidence establishing that the class action complaint contained claims for compensatory damages for physical and emotional injuries falling within the scope of coverage of both the general liability and professional liability policies, and that the $50,000 payment was to settle these covered claims (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 423-424 [1985]; Dreyer v New York Cent. Mut. Fire Ins., 106 AD3d 685, 687 [2013]; Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H., 74 AD3d 948, 953 [2010]; Medrano v State Farm Fire & Cas. Co., 54 AD3d 662, 664 [2008]). In opposition, Nautilus failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Americare's motion, in effect, for summary judgment declaring that Nautilus is obligated to pay the settlement and defense costs Americare incurred (to be determined by the Supreme Court) in the underlying action (*see State Ins. Fund v American Hardware Mut. Ins. Co.*, 64 AD3d 581, 583 [2009]; *Medrano v State Farm Fire & Cas. Co.*, 54 AD3d at 664).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment, inter alia, declaring that Nautilus is obligated to pay the settlement and defense costs Americare incurred in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.